## G. W. LUCKETT, &c. *v.* CHAS. BEAVON, &c.

**Bonds—Supplying New Bond, for Former One Burnt—Court's Discretion.**

   When the burnt record of a will and the probate thereof, is supplied in the county court by oral testimony, the same court has jurisdiction either to supply, in the same way, the executorial bond, executed at the time of the probate, or take a new bond, with the same or other sureties.

**Same—Principal and Surety.**

   The new bond thus taken, binds its sureties, to pay all legacies; and it is therefore immaterial whether the amount of the legacy was collected since or before the date of the new bond.

Principal and Surety—Contribution From Old Sureties—Parties.

> To entitle the sureties in a new bond, to contribution from the sureties in the former bond, they must be brought before the court, in the action in which they are defendants. It is not the duty of the plaintiff in the action to do this for them.

APPEAL FROM MARION CIRCUIT COURT.

October 11, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

When the burnt record of the will and probate was supplied in the county court by oral testimony, the same court had jurisdiction either to supply, in the same way, the executorial bond executed at the time of probate, or to take a new bond with the same or other securities. The court chose to take a new bond in *lieu* of the original. If this discharged the original sureties from all liability, the sureties in the substantial bond are liable from the date of the burnt bond. But however this may be, the new bond expressly binds its sureties to pay all legacies, including that to the lunatic for life, and afterwards to others; and therefore it is immaterial to this liability whether the amount of that legacy was collected since or before the date of the new bond.

Nor is it in this case material whether the new bond was in legal effect a discharge of the sureties on the burnt bond, or only a supplemental obligation. If merely supplemental, the sureties in it may be entitled to contribution by those in the first bond; but the appellants have not either shown who were the first parties, or requested them to be made parties, or asked any judgment against them. And it was not the duty of the appellee to do this for them.

We also think, and especially as the will so directed, that the circuit court properly ordered the $1,000.00 to be paid to the committee of the lunatic.

We perceive no substantial error in the record.

Wherefore, the judgment is affirmed.

*Russell, Averitt, for appellants.*
*R. & F., for appellees.*